Matthew D. Pearson (SBN 294302)
mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

*Attorney for Defendant*
PRIME HEALTHCARE SERVICES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

R.S., individually and on behalf of all others similarly situated,

Plaintiff,

v.

PRIME HEALTHCARE SERVICES, INC.,

Defendant.

Case No.: 5:24-cv-00330-ODW-SP

**DEFENDANT PRIME HEALTHCARE SERVICES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF R.S.'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Complaint filed: 02/08/2024
Complaint served: 03/04/2024

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Defendant Prime Healthcare Services, Inc. ("Prime") hereby submits this Notice of Supplemental Authority in support of its Motion to Dismiss Plaintiff R.S.'s ("Plaintiff") Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 13].

1. On February 8, 2024, Plaintiff filed a putative class action complaint against Prime asserting a single cause of action for violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.* [Dkt. No. 1.] Specifically, Plaintiff alleges that Prime violated the ECPA by "embedd[ing] undetectable tracking Facebook pixels (the 'Pixels' or 'Facebook Pixels') on its Web Properties, including the Websites, which transmit" personal information to third parties. [*Id.* at ¶ 9.]

2. On April 24, 2024, Prime filed its Motion to Dismiss Plaintiff's Complaint. [Dkt. No. 13.] In its Motion, Prime argued, among other things, that as a party to the communication between Prime and Plaintiff, Prime cannot be held liable for violating the ECPA (i.e., the "party" exception). [*See generally id.*]

3. Plaintiff filed her Opposition to Prime's Motion to Dismiss on May 20, 2024. [Dkt. No. 16.] In her Opposition, Plaintiff argued that the "party" exception to the ECPA did not apply to Prime because "Prime Healthcare's disclosure of Plaintiff's PHI and PII is a criminal violation of 42 U.S.C. § 1320d-6(a)(3), which imposes a criminal penalty for knowingly disclosing individually identifiable health information (IIHI) to a third party." [*Id.* at 18:16-19.]

4. On May 24, 2024, Prime filed its Reply in support of its Motion to Dismiss. [Dkt. No. 17.]

5. On June 5, 2024, the Court issued an order, vacating the June 10, 2024 hearing on Prime's Motion to Dismiss taking the motion under submission. [Dkt. No. 21.]

6. On June 20, 2024, the United States District Court for the Northern District of Texas issued an opinion in *American Hospital Association, et al. v. Becerra, et al.*, Case No. 4:23-cv-01110-P, in which it granted American Hospital

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Association's motion for summary judgment. A true and correct copy of the order is attached hereto as **Exhibit A.**

7. The opinion is relevant to the Court's decision here in that it held, among other things, that "the Proscribed Combination," which the opinion defines as "(1) an individual's IP address with (2) a visit to a UPW[1] addressing specific health conditions or healthcare providers" [Ex. A, pp. 3-4], "could never fit HIPAA's definition of IIHI" [*id.* at p. 25].

Respectfully submitted,

Dated: June 21, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Matthew D. Pearson*
MATTHEW D. PEARSON

*Attorney for Defendant*
PRIME HEALTHCARE SERVICES, INC.

4869-8063-3280.7



[1] The opinion defines "UPW" as "websites that don't require login credentials or user verification." [Ex. A, p. 3.]