Matthew J. Langley, (SBN 342846)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr. (SBN 257761)
jrparker@almeidalawgroup.com
**ALMEIDA LAW GROUP LLC**
3550 Watt Avenue, Suite 140
Sacramento, California 95608
t: 916-616-2936

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R.S., *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIME HEALTHCARE SERVICES, INC.,<br><br>Defendant. | Case No. 5:24-cv-00330-ODW-SP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff R.S. ("Plaintiff") hereby responds to Defendant Prime Healthcare Services, Inc.'s ("Prime" or "Defendant") Notice of Supplemental Authority (ECF No. 22).

1. On June 21, 2024, Defendant filed a Notice of Supplemental Authority presenting a recent decision from the United States District Court for the Northern District of Texas, *American Hospital Association v. Becerra*, No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*AHA v. Becerra*") as relevant to the Court's decision on its Motion to Dismiss. (ECF No. 22 at 2).

2. In *AHA v. Becerra*, Judge Pittman evaluated whether the Department of Health and Human Services ("HHS") exceeded its authority when it—by its December 2022 guidance (termed the "Original Bulletin" and as revised by its March 2024 "Revised Bulletin")—included circumstances where an online technology connects (i) an individual's internet protocol ("IP") address with (ii) a visit to an unauthenticated public website ("UPW") addressing specific health conditions or healthcare providers (defined as the "Proscribed Combination"). *See* 2024 WL 3075865, at *2.

3. The *AHA v. Becerra* decision focuses exclusively on whether that "Proscribed Combination" was an example to highlight existent privacy concerns as reflected in the HIPAA Privacy Rule, as HHS contended, or was an entirely new obligation, as plaintiffs, two hospital associations and a regional healthcare system, contended. *See, e.g.*, *id.* at *6 (stating that "much hinges on that distinction. If the Proscribed Combination isn't IIHI, the Privacy Rule doesn't apply. On the other hand, if the Proscribed Combination constitutes IIHI, covered entities have a host of legal obligations to ensure HIPAA compliance. And if the Proscribed Combination is novel, as the Hospitals contend, then these legal obligations are necessarily new") (cleaned

up).

4. This case, however, does not concern the use by Plaintiff of unauthenticated or public websites and the concomitant disclosure of their IP addresses. Rather, this case challenges Prime's use of tracking technologies, including the Meta Pixel, to collect and to disclose Plaintiff's sensitive health information, including individually identifiable health information ("IIHI"), to third parties—such as Meta—without their knowledge or consent. *See, e.g.*, Compl., ¶ 117 ("The Private Information disclosed via the Pixel allows Facebook to know that a specific patient is seeking confidential medical care and the type of medical care being sought."); ¶¶ 22, 73, 87 & 110 (detailing the specific non-public Private Information that Prime collected and disclosed to third parties, such as *appointment scheduling for specific conditions and medical services and treatments sought*).

5. Prime's obligation to protect IIHI is not changed or in any way diminished by *AHA v. Becerra*. Instead, the decision reinforces the notion that website users who navigate Prime's webpages have a reasonable expectation of privacy when they, among other things, (i) search for conditions and treatments related to their medical care, (ii) book an appointment for themselves or (iii) pay medical bills and that Prime violated those privacy rights when it disclosed their sensitive and private health information to third parties through the use and implementation of various tracking technologies. *AHA v. Becerra,* 2024 WL 3075865, at *4, n.3 ("The Revised Bulletin contains an array of guidance for covered entities, much of which is both legally and pragmatically sound."); *see also id.* at *2 (stating that "[l]ike most guidance documents, the Original Bulletin reminded covered entities of their obligation to protect IIHI") & *id.* at *31, n.3 (stating that the court's limited vacatur of the Revised Bulletin with respect to the Proscribed Combination "is not

intended to, and should not be construed as, limiting the legal operability of other guidance in the germane HHS document”).[1]

**DATED**: July 3, 2024

*/s/ Matthew J. Langley*
Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr.
California Bar No. 257761
**ALMEIDA LAW GROUP LLC**
jrparker@almeidalawgroup.com
3550 Watt Avenue, Suite 140
Sacramento, California 95608
Tel: (916) 616-2936

Daniel Srourian
California Bar No. 285678
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 1710
Los Angeles, CA 90010
daniel@slfla.com

*Attorneys for Plaintiff & the Class*

[1] Furthermore, the Federal Trade Commission’s bulletin on the same topics remains untouched as do the FTC’s numerous enforcement actions against healthcare providers for committing the same actions alleged herein. *See, e.g.*, Compl., ¶¶ 36-40 (discussing the FTC guidance and enforcement actions).