O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| R.S.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRIME HEALTHCARE SERVICES, INC.,<br><br>　　　　　Defendant. | Case № 5:24-cv-00330-ODW (SPx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I.   INTRODUCTION

Plaintiff R.S. brings this putative class action against Defendant Prime Healthcare Services, Inc. for an alleged violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1) *et seq.* (*See* Compl., ECF No. 1.) Defendant now moves to dismiss this action under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 13.)  For the following reasons, the Court **GRANTS** Defendant's Motion.[1]

## II.   BACKGROUND

Defendant Prime Healthcare is a healthcare company is a healthcare company that operates forty-four hospitals in fourteen states, including California.  (Compl.

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

¶ 1); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss). Prime Healthcare also operates more than 300 outpatient locations and has nearly 45,000 employees and affiliated physicians. (Compl. ¶ 1.)

As part of the medical services it provides, Prime Healthcare owns, controls, maintains websites for its hospitals, which include web-based patient portals. (*Id.* ¶ 2.) Plaintiff R.S. alleges that, through its website, Prime Healthcare utilized tracking "pixels" to collect client information and intentionally disclosed it to a third party for pecuniary gain. (*Id.* ¶¶ 6–9.) The information disclosed to third parties—including Meta Platforms, Inc. ("Meta" or "Facebook")—allows the third parties to personally identify the users for advertisement purposes. (*See id.* ¶¶ 9–12.) Specifically, R.S. alleges that Prime Healthcare intercepted and disclosed the following private information to Facebook: (1) "Plaintiff's and Class Members' status as medical patients"; (2) "Plaintiff's and Class Members' communications with Defendant through its Web Properties, including specific text queries typed into the search bar, medical conditions for which they sought treatments and treatments sought"; (3) "Plaintiff's and Class Members' searches for appointments, appointment details, location of treatments, medical providers' names and their specialties, medical conditions, and treatments"; and (4) PII, including but not limited to patients' locations, IP addresses, device identifiers and an individual's unique Facebook ID." (*Id.* ¶ 73.)

On February 8, 2024, R.S. filed this putative class action against Prime Healthcare, asserting a single cause of action for violation of the ECPA on the basis that Prime Healthcare "intentionally intercepted, endeavored to intercept, and/or procured another person to intercept, the electronic communications of Plaintiff . . . , in violation of 18 U.S.C. § 2511(1)(a)." (*Id.* ¶ 233; *see also id.* ¶¶ 223–54.) Under Rule 12(b)(6), Defendant now moves to dismiss R.S.'s Complaint.

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

denied . . . if amendment would be futile." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.  DISCUSSION

Prime Healthcare argues that R.S.'s ECPA claim fails because (1) Prime Healthcare was a party to the communication that it allegedly unlawfully intercepted and (2) the ECPA's crime-tort exception does not apply. (Mot. 6–13.) In its Opposition, although R.S. argues extensively why the ECPA's crime-tort exception should in fact apply, R.S. does not respond to Prime Healthcare's argument that it cannot unlawfully intercept a communication to which it is a party. Accordingly, Plaintiff concedes this argument. *See Muller v. Morongo Casino, Resort, & Spa*, No. 5:14-cv-2308-VAP (KKx), 2015 WL 3824160, at *5 (C.D. Cal. June 17, 2015) (concluding plaintiff's failure to oppose an argument amounted to concession of that argument); *Heraldez v. Bayview Loan Servicing, LLC*, No. 5:16-cv-1978-R (DTBx), 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd,* 719 F. App'x 663 (9th Cir. 2018) ("Failure to oppose constitutes a waiver or abandonment of the issue.").

However, even if the Court were to consider the merits of Defendant's argument, the ECPA "contain[s] an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020); *see also In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 143 (3d Cir. 2015) ("[T]he intended recipient of a communication is necessarily one of its parties."). "[O]rdinarily, no cause of action will lie against a private person . . . [']where one of the parties to the communication has given prior consent to such interception.'" *In re Google Inc.*, 806 F.3d at 135 (quoting 18 U.S.C. § 2511(2)(2)).

Courts across the country, including others in this District, agree that a hospital is a party to the communication where it uses a pixel to track activity on its website. *See, e.g.*, *B.K. v. Eisenhower Med. Ctr.*, No. 5:23-cv-2092-JGB (KKx), 2024 WL 878100, at *5 (C.D. Cal. Feb. 29, 2024) ("It is clear from Plaintiffs' Complaint that

Defendant was a party to Plaintiffs' Website communications."); *Williams v. Dukehealth*, No. 1:22-cv-727, 2024 WL 898051, at *8 (M.D.N.C. Mar. 1, 2024), *report and recommendation adopted sub nom. Naugle v. Duke Univ. Health Sys., Inc.*, No. 1:22-cv-727, 2024 WL 1307216 (M.D.N.C. Mar. 27, 2024) ("Defendant was a party to the communications Plaintiff alleges it subsequently disseminated." (citing 18 U.S.C. § 2520(a), 2511(d))).

Here, as the party that "installed tracking technologies on its Web Properties," (Compl. ¶ 8), Prime Healthcare necessarily consented to the use of those pixels and the "interception" of the communications between R.S. and Prime Healthcare. *See, e.g.*, *Okash v. Essentia Health*, No. CV 23-482 (JRT/LIB), 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (holding that Defendant's "alleged interception was not unlawful because it was a party to the communication"). Accordingly, the Court dismisses R.S.'s ECPA claim and, because the Court finds that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber Distrib.*, 806 F.2d at 1401, the dismissal is without leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT LEAVE TO AMEND**. (ECF No. 13.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 6, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**