Matthew J. Langley, California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr. (SBN 257761)
jrparker@almeidalawgroup.com
**ALMEIDA LAW GROUP LLC**
3550 Watt Avenue, Suite 140
Sacramento, California 95608
t: 916-616-2936

*Attorneys for Plaintiff & the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.S., *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIME HEALTHCARE SERVICES, INC.,<br><br>Defendant. | Case No. 5:24-cv-00330-ODW-SP<br><br>**PLAINTIFF'S NOTICE AND MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO DISMISS [24]**<br><br>Date: September 23, 2024<br>Time: 1:30 p.m.<br>Judge: Judge Otis D. Wright, II |

1 **TO THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 23, 2024 at 1:30 p.m., in Courtroom 5D of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street in Los Angeles, CA. 90012, 5th Floor, Plaintiff R.S. will and hereby does move this Honorable Court to reconsider its Order Granting Defendant's Motion to Dismiss, ECF No. 24, on the grounds that the Court committed clear error in dismissing with prejudice Plaintiff's only cause of action.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file in this Action and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 19, 2024.

**DATED**: August 21, 2024

/s/ *Matthew J. Langley*
Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr.
California Bar No. 257761
**ALMEIDA LAW GROUP LLC**
jrparker@almeidalawgroup.com
3550 Watt Avenue, Suite 140
Sacramento, California 95608
Tel: (916) 616-2936

Daniel Srourian
California Bar No. 285678
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 1710
Los Angeles, California 90010
daniel@slfla.com

*Attorneys for Plaintiff & the Class*

Plaintiff R.S. respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7-18, to reconsider its August 7, 2024 Order (the "Order") granting Defendant's Motion to Dismiss Plaintiff's Complaint for violation of the Electronic Communications Privacy Act, 18 U.S.C. 2111(1), *et seq.* ("ECPA") without leave to amend. *See* ECF No. 24.

## I. PRELIMINARY STATEMENT

This Motion raises one discrete issue: whether the Court committed clear error when it did not consider and specifically address Plaintiff's argument that the ECPA's exception from liability for those that are a party to the communication does not apply where the "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). In its Order, the Court stated that Plaintiff failed to respond to Defendant's assertion that it cannot unlawfully intercept a communication to which it is a party. But, as argued in the Opposition to the Motion to Dismiss, Plaintiff acknowledged that Defendant was a party to the communication but argued that because Defendant's purpose was to invade Plaintiff's privacy and to violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the crime-tort exception to the party exemption applied. *See* Opposition to Motion to Dismiss ("Opposition or "Opp."), ECF No. 16 at 6. Accordingly, Plaintiff respectfully requests that this Honorable Court reconsider its analysis of Plaintiff's ECPA claim to include the application of the crime-tort exception to the party exemption.

## II. PROCEDURAL HISTORY AND THIS COURT'S DECISION

Plaintiff filed her Complaint on February 8, 2024, alleging a single cause of action against Defendant Prime Healthcare Services, Inc.'s ("Prime Healthcare") for violations of the ECPA. ECF No. 1 ("Complaint"). On April

4

24, 2024, Defendant filed its Notice of Motion and Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14 ("Motion to Dismiss"). On May 20, 2024, Plaintiff filed her Opposition to the Motion to Dismiss. ECF No. 16. Plaintiff's Opposition requested leave to amend "to address any pleading deficiencies." *Id*. at 21 (citing *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009)). On May 24, 2024, Defendant filed its reply. ECF 17.

On August 7, 2024, the Court granted Defendant's Motion to Dismiss without oral argument. ECF 24. The Court's Order dismissed Plaintiff's claim with prejudice. *Id*. at 5. In doing so, the Court first concluded that because Plaintiff did "not respond to Prime Healthcare's argument that it cannot unlawfully intercept a communication to which it is a party. . . Plaintiff concedes this argument." *Id*. at 4. The Court then held that "even if the Court were to consider the merits of Defendant's argument," because Prime Healthcare installed the tracking technologies, it "necessarily consented to the use of those pixels and the 'interception' of the communications between R.S. and Prime Healthcare." *Id*. at 4-5. Ultimately, the Court concluded, without examining the crime-tort exception to the party exemption, that because Prime Healthcare was a party to the communications at issue, it could not be held liable for the interception. *See id.* at 4-5. The Court also found that because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, the dismissal is without leave to amend." *Id*. at 5 (citation omitted).

### III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), "a party may move to alter or amend a judgment." *Curtis v. Irwin Indus., Inc.*, 2016 WL 4975188, at *2 (C.D. Cal. Sept. 16, 2016). A motion for reconsideration should be

granted where the district court "is presented with newly discovered evidence, *committed clear error*, or if there is an intervening change in the controlling law." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis added & internal quotes omitted). Local Rule 7-18 provides that "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a *failure to consider material facts* presented to the Court before the Order was entered." L.R. 7-18 (emphasis added).

## IV. ARGUMENT

Reconsideration is appropriate because the Court committed clear error in failing to address Plaintiff's argument in her Opposition—supported by citation to material facts and allegations in the Complaint—regarding the applicability of the criminal or tortious exception to the party exemption to Plaintiff's ECPA claim. Although "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion," this Motion identifies "a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. Where a court relies on a misunderstanding of Plaintiff's allegations or arguments, reconsideration may be granted. *See, e.g.*, *Wide Voice LLC v. CenturyLink Commc'ns, LLC*, 2022 WL 1394747, at *2 (C.D. Cal. Jan. 24, 2022) (granting motion to reconsider, in part, where the court's order did not address one of plaintiff's arguments specifically); *Garcia v. Capistrano Unified Sch. Dist.*, 2018 WL 5858708, at *3 (C.D. Cal. May 1,

6

2018) (granting motion for reconsideration because "the Court manifestly failed to consider" specific allegations).

This Court has previously recognized that where it does not analyze a portion of an argument before it, reconsideration may be appropriate. *See, e.g.*, *Curtis*, 2016 WL 4975188, at *4 ("Because the Court dismissed the complaint as pre-empted by § 301, and not for failure to make use of the grievance procedure established in the CBAs, the Court never analyzed the CBAs' arbitration provision, and improperly ordered the parties to arbitration."); *Miller v. Midland Funding LLC*, 2008 WL 5003042, at *1 (C.D. Cal. Nov. 20, 2008) (granting motion to reconsider after re-evaluating evidence before the Court). Other courts in this district have previously stated that motions for reconsideration are appropriate if "the Court committed clear error or the initial decision was manifestly unjust." *Cox v. LB Lending, LLC*, 2018 WL 4761614, at *5 (C.D. Cal. May 23, 2018).

Here, the Court concluded that Prime Healthcare avoided judicial scrutiny because "the ECPA contain[s] an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not." Order at 4 (internal quotation omitted). The Court's Order maintained that Plaintiff failed to respond to Defendant's argument that it cannot unlawfully intercept a communication to which it is a party. *See id.* While Plaintiff agreed that Defendant was a party to the intercepted communication and that, without more, the one-party exemption would apply, Plaintiff's argument and analysis did not end there. *See* Opp. at 6-7, 11, 13 & 18; *see also* Compl. ¶ 240. Rather, the second part of Plaintiff's argument was that the party exemption in § 2511(2)(d) does not permit a party that intercepts or causes interception to escape liability if the "communication is intercepted for the purpose of committing any tortious or criminal act in violation of the

Constitution or laws of the United States or of any State." Opp. at 9-10. When the Court concluded its analysis with the party exemption to liability, the Court disregarded the second part of Plaintiff's analysis—the application of the crime-tort exception—and did not consider Plaintiff's argument on that ground. Far from conceding the entirety of her argument, Plaintiff established that Defendant, despite being a party to her communications, unlawfully intercepted them because Prime Healthcare's purpose was to tortiously and criminally invade her privacy and to violate HIPAA. *See id.*; *see also* Compl. ¶¶ 27, 243 & 239-250.

Importantly, Defendant itself admits, "it can still be held liable under the ECPA if Prime Healthcare acted for the purpose of committing any crime or tort in violation of state or federal law." MTD at 8 (cleaned up). Indeed, Defendant spent six pages addressing why, in its opinion, the crime-tort exception did not apply. *See id.* at 8-13. As Defendant and Plaintiff both recognize, if the Court concludes that Defendant intercepted Plaintiff's communications for a criminal or tortuous purpose, such as criminally violating HIPAA and tortiously invading Plaintiff's privacy, then Defendant cannot escape judicial scrutiny pursuant to the party exemption. Plaintiff maintains that Prime Healthcare intercepted her electronic communications for the purpose of disclosing her PHI and PII without consent thereby tortiously and criminally invading her privacy and violating HIPAA. *See* Opp. at 11-13 & 17-20; *see also* Compl. ¶¶ 27 & 239-250.

The Order cites three cases for the proposition that courts "agree that a hospital is a party to the communication where it uses a pixel to track activity on its website." Order at 4-5. But each of the cases is inapposite and the court in each ultimately granted leave to amend. First, in *B.K. v. Eisenhower Medical Center*, the court granted plaintiffs' motion for reconsideration to its

8

initial order dismissing their ECPA claim, holding that amendment would not be futile and that additional allegations could support a finding that the crime-tort exception applies. *See* 2024 WL 2037404, at *4 (C.D. Cal. Apr. 11, 2024). Plaintiffs subsequently filed an amended complaint. *See* 5:23-cv-02092, ECF No. 37. Next, in *Williams v. Dukehealth*, the court did not address the applicability of the crime-tort exception to the ECPA claim and dismissed the claim without prejudice. *See* 2024 WL 898051, at *8 (M.D.N.C. Mar. 1, 2024). Finally, *Okash v. Essentia Health* is an outlier in Minnesota, relied on an outdated analysis in *Kurowski v. Rush System for Health*, and permitted plaintiff leave to amend. *See* 2024 WL 1285779, at *5 (D. Minn. Mar. 26, 2024) (granting leave to amend "to allow Okash to plead an independent connection to a tortious act, should one exist."). Pre- and post-dating *Okash*, the *Kurowski* court held that plaintiff's amended complaint was "sufficient to invoke the HIPAA exception-to-the-party-exception" and denied a motion for judgment on the pleadings on the same issue. *See* 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023) (granting leave to amend) & 2024 WL 3455020, at *6 (holding that defendant is not entitled to judgment as a matter of law).

In contrast, courts nationwide and in this district have denied motions to dismiss ECPA claims and held that healthcare providers were parties to pixel-related communications because the crime-tort exception applied. *See* Opp. at 16 & 20-21 (listing cases that denied motions to dismiss ECPA claims after applying the crime-tort exception). Since Plaintiff filed her Opposition, courts have continued to deny motions to dismiss ECPA claims in similar cases against healthcare defendants that used tracking pixels to intercept and disclose personal information. *See, e.g.*, *Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357, at *9 (S.D.N.Y. July 30, 2024) (denying motion to dismiss ECPA claim where crime-tort exception applied); *In re BetterHelp,*

*Inc. Data Disclosure Cases*, 2024 WL 3416511, at *4 (N.D. Cal. July 15, 2024) (finding crime-tort exception to applied because defendant disclosed "its customer's sensitive mental health-related information in violation of HIPAA."); *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, at *7 (N.D. Ill. July 9, 2024) (same). Thus, because the crime-tort exception applies, the fact that Prime Healthcare was a party to the communications does not shield it from liability, and the Court should have considered this material argument in its Order. *See, e.g.*, *Curtis*, 2016 WL 4975188, at *4; *Miller*, 2008 WL 5003042, at *1.

While Plaintiff maintains that she has stated a plausible claim for relief under the ECPA due to the crime-tort exception, Plaintiffs requests alternative relief in the form of leave to amend her Complaint. Under Federal Rule of Civil Procedure 15(a) and Supreme Court precedent, "leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962 (cleaned up). Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citations & quotations omitted). Here, Plaintiff requested leave to amend if the Court determined that her ECPA claim was inadequately pleaded. *See* Opp. at 18. Although Plaintiff has not filed an amended complaint, the Court found that Plaintiff "could not possibly cure the deficiency." *See* Order at 5. However, if afforded the opportunity to amend, Plaintiff can and will more clearly allege the inapplicability of the party exemption and that the purpose of Defendant's interception was criminal and/or tortious. *See, e.g.*, *Williams-Blair v. Brennan*, 2021 WL 3660756, at *1 (C.D. Cal. June 2, 2021) (granting motion for reconsideration to allow leave to amend); *Postman v. Spin Master, Ltd.*, 2015 WL 12747905, at *5 (C.D. Cal. Nov. 30, 2015) (similar); *Monaco v. Bear Stearns*

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO RECONSIDER
Case No. 5:24-cv-00330-ODW-SP

*Companies, Inc.*, 2011 WL 11027559, at *6 (C.D. Cal. Jan. 13, 2011) (similar); *Lincoln v. Cal-W. Reconveyance Corp.*, 2009 WL 10674759, at *3 (C.D. Cal. July 13, 2009) (granting motion for reconsideration in part and allowing plaintiff leave to amend); *Valentine v. First Advantage Saferent, Inc.*, 2008 WL 4367353, at *2 (C.D. Cal. Sept. 23, 2008) (mooting motion to reconsider after granting leave to amend).[1]

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court reconsider and amend its Order granting dismissal of Plaintiff's claim for violation of the ECPA without leave to amend.

**DATED**: August 21, 2024

/s/ *Matthew J. Langley*
Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr.
California Bar No. 257761
**ALMEIDA LAW GROUP LLC**
jrparker@almeidalawgroup.com
3550 Watt Avenue, Suite 140
Sacramento, California 95608
Tel: (916) 616-2936

---

[1] The remaining *Foman* factors are also in Plaintiff's favor. There has been no undue delay in bringing this Motion—as this Motion is brought within fourteen days of the Court's order on Defendant's Motion to Dismiss, Plaintiff does not bring this Motion in bad faith and there is no undue prejudice to Defendant.

Daniel Srourian
California Bar No. 285678
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 1710
Los Angeles, CA 90010
daniel@slfla.com

*Attorneys for Plaintiff & the Class*